

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,327-01

### EX PARTE ANDRES MALDONADO NAVA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1260355-A IN THE 232ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty years' imprisonment. The conviction was affirmed on direct appeal. *Nava v. State*, 415 S.W.3d 289 (Tex. Crim. App. 2013).

Applicant contends, *inter alia*, that his trial and appellate counsel rendered ineffective assistance. He claims that trial counsel should have filed a motion to sever his trial from that of a co-defendant, that trial counsel should have objected to the jury instruction on party liability, that trial counsel failed to object to the admission of prejudicial photos of a deceased co-conspirator, that trial

counsel failed to challenge several objectionable jurors, that trial counsel should have objected to the trial court's limiting instruction regarding a co-defendant's extraneous offenses, that trial counsel failed to object to and that appellate counsel failed to raise an issue concerning the jury being improperly empaneled, that appellate counsel failed to raise an issue regarding the trial court's comment on the Spanish word "Tirale," that appellate counsel should have raised an issue challenging the trial court's ruling to allow testimony Applicant states was hearsay from expert witness Glen Dodson, that appellate counsel failed to raise an issue concerning the trial court's refusal to give a specific instruction that the co-defendant's extraneous offenses could not be considered against Applicant, that trial counsel elicited and/or failed to object to and that appellate counsel failed to raise an issue concerning the introduction of hearsay testimony, and that appellate counsel failed to seek re-hearing of this Court's opinion delivered on direct appeal on the basis that the opinion was factually inaccurate.

Applicant has alleged facts that, if true, might entitle him to relief. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *Strickland v. Washington*, 466 U.S. 668 (1984). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order Applicant's trial and appellate counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the

performance of Applicant's trial and appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings as to Applicant's other grounds and may make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 17, 2014
Do not publish